**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-6798**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHON CRAIG SINGLETON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:05-cr-00030-JPJ-2)

───────────────

Submitted:  September 23, 2022                    Decided:  October 6, 2022

───────────────

Before WYNN and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Jonathon Craig Singleton, Appellant Pro Se.  Kathryn Anne Rumsey, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathon Craig Singleton appeals the district court's order denying his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239.  On appeal, Singleton challenges the district court's findings that he failed to present an extraordinary and compelling reason for release and that the 18 U.S.C. § 3553(a) factors did not warrant release.  We vacate and remand for further consideration.

The district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if "extraordinary and compelling reasons warrant such a reduction," upon a motion by the Director of the Bureau of Prisons (BOP) or by the defendant after he has exhausted his administrative remedies.  We review the denial of a motion for compassionate release for abuse of discretion.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps.  *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021).  First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i); *High*, 997 F.3d at 185-86.  Next, the district court considers whether "a [sentence] reduction is consistent

2

with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *High*, 997 F.3d at 185-86.  As we have determined, however, because "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants," courts may consider any extraordinary and compelling reason for release that a defendant raises.  *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).  Finally, even if the court finds that extraordinary and compelling reasons warrant relief, it must still consider the § 3553(a) factors "'to the extent that they are applicable.'"  *High*, 997 F.3d at 186 (quoting 18 U.S.C. § 3582(c)(1)(A)).  "The district court enjoy[s] broad discretion in conducting this analysis."  *Kibble*, 992 F.3d at 330.

The district court found that Singleton had not shown an extraordinary and compelling reason for release based on the COVID-19 pandemic because he had twice refused the vaccine.  Singleton argues that the district court erroneously found that he refused the COVID-19 vaccine twice and improperly failed to consider his reason for declining the vaccine.[1]  Initially, the district court erroneously stated that Singleton refused the vaccine twice; the record reveals that he refused the vaccine only once.  Moreover, the district court failed to consider Singleton's argument that he refused the vaccine because he had a history of a severe allergic reaction to the influenza vaccine and other medications

---

[1] Singleton also argues that the district court failed to consider the fact that the vaccine might not completely reduce his risk.  However, Singleton waived this argument by failing to raise it before the district court.  *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020).

3

and was denied the ability to consult with a medical professional prior to vaccination. Because the district court made a factual error and failed to consider Singleton's individual circumstances, we conclude that the court abused its discretion in considering whether Singleton provided an extraordinary and compelling reason for release.

Singleton next challenges the district court's analysis of the § 3553(a) factors. Specifically, he contends that the court failed to consider his rehabilitation evidence; his argument that his time served would constitute a just punishment; his low recidivism score; and his argument that, due to a change in state law, one of his prior drug felonies was reduced to a misdemeanor, which would have reduced his criminal history category. Singleton also argues that the district court abused its discretion by discussing the need to avoid an unwarranted sentencing disparity from his codefendants—an argument he claims he never raised.[2]   Instead, Singleton contended in the district court that the fact that his codefendants had been released was a proper consideration when determining whether the sentence was just punishment, provided proper deterrence, protected the public, and promoted respect for the law.

When ruling on a motion for compassionate release, a district court must consider the § 3553(a) factors "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).

---

[2] In ruling on a motion for compassionate release, the district court must consider the applicable § 3553(a) factors including "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

In balancing the § 3553(a) factors, there is no "categorical rule" that the district court must "acknowledge and address each of the defendant's arguments on the record." *High*, 997 F.3d at 188-89 (emphasis omitted). Rather, all that is required is that the district court "set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* at 190 (cleaned up). When a case is relatively simple, this requirement is satisfied if the court's order shows that it "was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason for" denying the motion. *Id.* at 191 (cleaned up).

In its order denying compassionate release, the district court cited the § 3553 factors but did not acknowledge or address any of Singleton's mitigating arguments.[3] While Singleton did not present a "mountain of new mitigating evidence" for the court to consider, *see United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), Singleton offered potentially persuasive arguments, including that he had served two-thirds of his sentence, received a low recidivism score, completed educational courses and vocational training, and successfully worked as a metal fabrication technician, and that intervening changes in the law reduced the severity of his criminal history. Although the district judge who considered Singleton's motion was the same judge who originally sentenced him, Singleton was sentenced in 2006, approximately 14 years before he filed his motion for compassionate release. Given the amount of time Singleton spent in prison before filing

---

[3] As discussed above, while the court considered that Singleton's codefendants had been released, Singleton alleges that the court did not consider the actual context in which he raised the argument.

5

his motion and the fact that the district court did not acknowledge any of his many arguments that relied on postsentencing conduct and circumstances, we conclude that the district court abused its discretion in considering the § 3553 factors.

Accordingly, we vacate the district court's order and remand for consideration of Singleton's reasons for refusing vaccination and his arguments pertaining to the § 3553(a) factors.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*